IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| HENRY P. RICHARDSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 3:19CV812–HEH |
| ) | |
| CHRISTOPHER GOMEZ, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Dismissing 28 U.S.C. § 2241 for Want of Jurisdiction)**

Henry P. Richardson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition ("2241 Petition," ECF No. 1).[2] This Court convicted Richardson of conspiracy to distribute heroin, possession of a firearm in furtherance of a drug trafficking offense, and possession of a firearm in furtherance of a drug trafficking

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] The Court notes that Richardson is currently incarcerated in the Bureau of Prisons' facility in Glenville, West Virginia, therefore, the § 2241 petition should have been filed in the West Virginia federal court. Nevertheless, because Richardson's petition is readily dismissed for want of jurisdiction, the interests of judicial economy warrant resolving the action at this juncture without a transfer.

offense causing death of another. Since that date, Petitioner has filed a variety of frivolous and vexatious motions attempting to challenge his conviction. In his § 2241 Petition, Richardson once again contends that he is actually innocent. As the Court has explained several times to Richardson, "[t]he Court cannot consider these arguments or a successive § 2255 motion unless [he] obtains permission from the Fourth Circuit."[3] For the reasons stated below, the action will be dismissed for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[4]

---

[3] *See, e.g., United States v. Richardson*, No. 3:06CR106–HEH (E.D. Va.), ECF Nos. 211, 226, 253.

[4] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[5] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).[6] The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Richardson's 28 U.S.C. § 2241 Petition

Richardson fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Richardson fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Richardson stands convicted, conspiring to distribute heroin, possessing a firearm in

---

[6] The Court recognizes that the Fourth Circuit recently expanded the longstanding "controlling test," to allow a petitioner to challenge his sentence as follows:
> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019). However, *Wheeler* is inapplicable here because Richardson is not challenging his sentence.

4

furtherance of a drug trafficking offense, and possessing a firearm in furtherance of a drug trafficking offense causing death of another, remains criminal. Accordingly, Richardson's 28 U.S.C. § 2241 Petition will be dismissed without prejudice for want of jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

Date: April 30, 2020
Richmond, Virginia

                /s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

5